UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROY BISSESSAR and AMRIKA SHEPARD,

                              Plaintiffs,

    -against-

CITY OF NEW YORK, TYLER RUTHIZER, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

Docket No. **858**

CV 13

Jury Trial Demanded

VITALIANO, J.

POLLAK, M.J

Plaintiffs ROY BISSESSAR and AMRIKA SHEPARD, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ROY BISSESSAR is a thirty-nine year old Trinidadian American man presently residing in the Queens, New York.

7. Plaintiff AMRIKA SHEPARD is a twenty-eight year old Trinidadian American woman presently residing in Queens, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants TYLER RUTHIZER and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On March 20, 2011, beginning at approximately 7:00 p.m., plaintiffs ROY BISSESSAR and AMRIKA SHEPARD were lawful pedestrians in the vicinity of Liberty Avenue and 131st Street, Queens, New York.

14. The defendant officers unlawfully stopped and detained plaintiff BISSESSAR. Although plaintiff BISSESSAR had not committed any crime or offense, the defendants issued BISSESSAR a summons.

15. Plaintiff BISSESSAR asked the officers, in sum and substance: What is this summons for?

16. The defendant officers responded in sum and substance: Go to court and pay the fine. You won't get a record from it.

17. Plaintiff BISSESSAR responded, in sum and substance: But what did I do wrong?

18. A defendant officer then became angry and stated in sum and substance: Do you want to be arrested?

19. The defendant officer then told plaintiff BISSESSAR to turn around and placed handcuffs on BISSESSAR's wrists.

20. After placing handcuffs on plaintiff BISSESSAR's wrists, the defendant officer pulled BISSESSAR backwards, restrained him in a headlock and repeatedly punched BISSESSAR in the face.

21. Plaintiff BISSESSAR fell to the ground.

22. After plaintiff BISSESSAR fell to the ground, two more officers approached and

kicked plaintiff in the side two to three times.

23. The officers then picked plaintiff up and imprisoned him in a police vehicle.

24. While the defendants were assaulting plaintiff BISSESSAR, plaintiff SHEPARD stated in sum and substance: Why are you?

25. Before plaintiff SHEPARD could finish her question, a defendant officer pushed SHEPARD in the back, causing her to fall to the ground.

26. Plaintiff SHEPARD began to cry, informed the officers that she was pregnant, and voiced her concern about the possibility of losing her baby from the fall.

27. The defendant officer who pushed plaintiff SHEPARD ordered a defendant female officer to handcuff SHEPARD.

28. The female officer handcuffed plaintiff SHEPARD

29. The defendant officers arrested plaintiffs BISSESSAR and SHEPARD without probable cause.

30. The defendant officers imprisoned plaintiffs BISSESSAR and SHEPARD in a police vehicle and transported plaintiffs to the 106th police precinct and imprisoned them therein.

31. The defendant officers imprisoned plaintiffs until their arraignment on March 21, 2011 in Queens County Criminal Court on false charges filed against plaintiffs BISSESSAR and SHEPARD under Docket Nos. 2011QN015297 and 2011QN015296, respectively, based on the false statements of the defendants.

32. The defendants initiated said prosecution with malice and for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned excessive use of force and abuse of authority.

33. As a result of the defendant officers false statements plaintiffs had to return to

court on two occasions until, on June 14, 2011, the criminal dockets were adjourned in contemplation of dismissal and subsequently dismissed and sealed in Queens County Criminal Court.

34. On March 21, 2011, plaintiff BISSESSAR sought treatment at Jamaica Hospital Medical Center for the injuries the defendant officers inflicted on him, which included but are not limited to, a fractured nose.

35. Plaintiff SHEPARD sought obstetrical treatment following the incident and suffered back pain.

36. The defendant NYPD officers TYLER RUTHIZER and JOHN and JANE DOE 1 through 10 either participated in or failed to intervene in the illegal conduct described herein.

37. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation: arresting individuals without probable cause; engaging in falsification; subjecting individuals to excessive force; the inadequate screening, hiring, retaining, training and supervising of its employees; and due to discrimination against plaintiffs due to their race and/or nationality.

38. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding; the use of force; the probable cause required to arrest individuals, and; that they engage in a practice of falsification.

39. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

violate the plaintiffs' civil rights.

40. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

41. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

43. All of the aforementioned acts deprived plaintiffs, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47.   As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

48.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.   Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

50.   Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

51.   As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

52.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.   The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs ROY BISSESSAR and AMRIKA SHEPARD'S constitutional rights.

54. As a result of the aforementioned conduct of defendants, plaintiff ROY BISSESSAR and AMRIKA SHEPARD were subjected to excessive force and sustained physical and emotional injuries.

55. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants issued criminal process against plaintiffs ROY BISSESSAR and AMRIKA SHEPARD by causing them to appear in Queens County Criminal Court.

58. Defendants caused plaintiffs ROY BISSESSAR and AMRIKA SHEPARD to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiffs' right to be free from malicious abuse of process.

59. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The defendants falsely arrested plaintiffs because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

62. As a result of the foregoing, plaintiffs were deprived of their rights under the Equal Protection Clause of the United States Constitution.

63. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

64. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. The acts of the defendants toward plaintiffs were in retaliation for plaintiffs' exercise of their First Amendment rights to freedom of speech and expression, and not in response to any unlawful acts of the plaintiffs.

66. As a result of the aforementioned conduct of defendants, plaintiffs were subjected to retaliation for the exercise of their First Amendment rights.

67. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

68. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

70. As a result of the foregoing, plaintiffs were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

71. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

72. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

74. The defendants failed to intervene to prevent the unlawful conduct described herein.

75. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were subjected to excessive force and they humiliated.

76. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

77. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

79. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

80. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

82. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, stopping, detaining, and

arresting individuals without probable cause, subjecting individuals to excessive force, and engaging in falsification.

83. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

84. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

85. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

86. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

87. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs were unlawfully arrested and subjected to excessive force.

88. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs constitutional rights.

89. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from excessive force;

    D. To be free from retaliation for the exercise of their First Amendment rights;

    E. To be free from the failure to intervene; and

    F. To receive equal protection under law.

90. As a result of the foregoing, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs ROY BISSESSAR and AMRIKA SHEPARD demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February 15, 2013

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiffs ROY BISSESSAR
> and AMRIKA SHEPARD
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)

Case 1:13-cv-00858-ENV-ST   Document 1   Filed 02/15/13   Page 15 of 15 PageID #: 15